Patrick H. Hicks, Esq.
Nevada Bar No. 004632
Michael D. Dissinger, Esq.
Nevada Bar No. 15208
Karen Kao, Esq.
Nevada Bar No. 14386
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada  89169.5937
Telephone:     702.862.8800
Fax No.:          702.862.8811
phicks@littler.com
mdissinger@littler.com
kkao@littler.com

CLARK COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL
Crystal J. Pugh, Esq.
Nevada Bar No. 12396
Betty J. Foley, Esq.
Nevada Bar No. 6333
5100 West Sahara Avenue
Las Vegas, Nevada  89146
Telephone: (702) 799-5373
Facsimile: (702) 799-7243
herrec4@nv.ccsd.net
foleybj@nv.ccsd.net

Attorneys for Defendants
CLARK COUNTY SCHOOL DISTRICT, MARILYN
DELMONT, AND DAVID ROSARIO

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICK ALLEN, an individual; | Case No. 2:24-cv-00741-GMN-MDC |
| Plaintiffs, | |
| v. | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** |
| CLARK COUNTY SCHOOL DISTRICT, a Political Subdivision of the State of Nevada; MARILYN DELMONT, an Individual; DAVID ROSARIO, an Individual, | **(Third Request)** |
| Defendants. | |

**COME NOW,** Plaintiff, RICK ALLEN ("Plaintiff"), by and through his counsel, Trevor J. Hatfield, Esq., of Hatfield & Associates, Ltd., and Defendants, CLARK COUNTY SCHOOL

LITTLER MENDELSON P.C.
3960 HOWARD HUGHES
PARKWAY
SUITE 300
LAS VEGAS, NV  89169.5937
702.862.8800

DISTRICT, MARILYN DELMONT and DAVID ROSARIO ("Defendants"), by and through their counsel of record, Littler Mendelson, P.C., and the Clark County School District Office of the General Counsel, and pursuant to Fed. R. Civ. P. 26(f)(3) and LR 26-1 do hereby stipulate and request that all deadlines set forth in the Stipulation and Order to Extend Discovery Deadlines (Second Request) (ECF No. 30) be extended by <u>ninety (90) days</u>.

This request is submitted pursuant to LR IA 6-1, LR IA 6-2, and LR 26-3 for the reasons provided below. This is the Parties' third request for an extension of discovery and dispositive motion deadlines. The instant Stipulation is submitted for the purpose of allowing sufficient time to complete discovery, is not submitted for the purpose of undue delay, and, because it is submitted within twenty-one (21) days of the current initial expert disclosure deadline, is supported by the good cause shown herein. The Parties agree neither Plaintiff nor Defendants will be prejudiced by the requested extension.

### **STIPULATION**

**I.    DISCOVERY COMPLETED**

The Parties have made their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Defendants served written discovery in the form of Interrogatories and Requests for Production of Documents, which Plaintiff responded to October 23, 2024 and November 15, 2024, respectively. Plaintiff has also served First and Second Supplemental Disclosures.

**II.    DISCOVERY THAT REMAINS TO BE COMPLETED**

Plaintiff intends to take depositions of Defendants' Persons Most Knowledgeable and individual Defendants. Plaintiff intends to propound written discovery to Defendants. Plaintiff intends to disclose expert witnesses. Plaintiff is compiling additional documents to supplement.

Defendants may propound additional written discovery to Plaintiff. Defendants may wish to disclose expert witnesses. Defendants will depose Plaintiff. Defendants intend to serve subpoenas *duces tecum* on relevant third parties.

The Parties may each wish to disclose rebuttal experts.

LITTLER MENDELSON P.C.
3960 HOWARD HUGHES
PARKWAY
SUITE 300
LAS VEGAS, NV  89169.5937
702.862.8800

2

### III. WHY DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMIT SET BY THE DISCOVERY ORDER AND REASONS FOR EXTENSION

While counsel have continued to work together to complete discovery the Parties agree that good cause exists to grant the additional time requested herein.

Ongoing dispositive motion practice has shaped the scope and timing of the Parties' discovery efforts, including when and how to efficiently conduct discovery. In that regard, on January 15, 2025 the Court granted Defendants' partial motion to dismiss. **ECF No. 24.** In its Order, the Court instructed that Plaintiff "may file a Second Amended Complaint within 21 days if he wishes to allege a federal retaliation claim instead." *See* **ECF No. 24.** The Parties stipulated to an extension of time for Plaintiff to file his amended complaint and for Defendants to file their response. **ECF No. 26.** The Court granted the Parties' stipulation, providing until February 14, 2025 for Plaintiff to file his amended complaint and until March 7, 2025 for Defendants to file a response. *Id.*

Plaintiff's Second Amended Complaint (ECF No. 27) includes one-hundred ninety-eight (198) paragraphs and sets forth seven causes of action. Defendants have filed another partial motion to dismiss Plaintiff's sixth and seventh causes of action (ECF No. 29), which remains pending and has not yet been adjudicated.[1] The Court's decision on the pending partial motion to dismiss will impact the necessary scope of remaining fact and expert discovery. The Parties agree that the discovery period and related deadlines should be extended to ensure sufficient time to conduct all necessary discovery once the Court adjudicates the pending partial motion to dismiss. Even if the Court grants the pending partial motion to dismiss, this case remains complex and will still involve multiple causes of action. The Parties anticipate the Court's forthcoming ruling upon the pending partial motion to dismiss will provide finality with respect to the remaining scope of the action and necessary discovery.

The Parties agree good cause exists to extend discovery and related deadlines as requested herein in order to preserve the Parties' rights and to permit sufficient time to complete discovery of all Plaintiff's claims and causes of action, and Defendants' defenses. The requested extension will

---

[1] Plaintiff filed his Opposition on March 21, 2025 (ECF No. 31) and Defendants filed their Reply on March 28, 2025 (ECF No. 32).

permit the Parties to fully and fairly adjudicate the matter once pending motion practice is completed. *See e.g. Coffee v. Wyndham Resort Development Corp.,* 2:20-cv-1352-APG-DJA, 2021 WL 537239 (D. Nev. Jan. 15, 2021) (discussing good cause where parties postpone discovery to save resources, fees and costs); *Pac. Indem. Co. v. Nidec Motor Corp.,* 203 F. Supp. 3d 1092, 1098 (D. Nev. 2016) (finding excusable neglect warranted extension of expert disclosure deadline where request was made after deadline passed but Court found delay was result of party's effort to save resources); *Cervantes v. Scott,* No. 2:17-cv-00562-MMD-DJA, 2020 WL 1816294 (D. Nev. Apr. 9, 2020) (granting stipulation to extend deadlines where pending motion practice would shape scope of further handling); *T1 Payments LLC v. New U Life Corporation,* No. 2:19-cv-01816-APG-DJA, 2021 WL 139989, *6 (D. Nev. Jan. 14, 2021) (noting "lenient good cause standard" and granting discovery extension in light of amended counterclaims).

The Parties agree that neither Plaintiff nor Defendants will be prejudiced by the instant Stipulation.[2]

### IV.     PROPOSED SCHEDULE FOR REMAINING DISCOVERY

1.    <u>Discovery Cut-Off</u>: The current discovery cut-off is Wednesday, June 4, 2025. The new discovery cut-off shall be **<u>Tuesday, September 2, 2025</u>**.

2.    <u>Expert Disclosures</u>: The current initial expert disclosure deadline is Monday, April 7, 2025. The new initial expert disclosure deadline shall be **<u>Monday, July 7, 2025</u>**, sixty (60) days prior to the new discovery cut-off of September 2, 2025 in accordance with LR 26-1(b)(3).[3] Rebuttal expert disclosures shall be made no later than **<u>Wednesday, August 6, 2025</u>**, which is thirty (30) days after the initial disclosure of experts in accordance with LR 26-1(b)(3). The Parties shall have until the discovery cut-off date to take the deposition of experts. Expert discovery will be

---

[2] Defendants' counsel primarily responsible for day-to-day handling of this case, Karen Kao, Esq. ("Ms. Kao"), has provided notice to Littler Mendelson, P.C. she will be leaving the firm effective April 11, 2025. Defense counsel Michael Dissinger, Esq. ("Mr. Dissinger") made his appearance in this case on March 28, 2025 (ECF No. 33) and will be replacing Ms. Kao. Mr. Dissinger has discussed the matter with Plaintiff's counsel, Mr. Hatfield, and Mr. Hatfield has also agreed the instant extension is appropriate in light of the appearance of Mr. Dissinger.

[3] Ninety (90) days from April 7, 2025 is Sunday, July 6, 2025. Sixty (60) days prior to the September 2, 2025 discovery cut-off is Friday, July 4, 2025, a federal holiday. Therefore, the deadline for initial expert disclosures is the following business day, Monday July 7, 2025.

conducted in accordance with applicable Federal Rules of Civil Procedure and Local Rules of this District Court, specifically, Fed. R. Civ. P. 26(a)(2) and 26(b)(4), and Local Rule 26-1(b)(3).

3. <u>Dispositive Motions</u>: Dispositive motions shall be filed by **Thursday, October 2, 2025**, which is thirty (30) days after the discovery cut-off date of September 2, 2025 in accordance with LR 26-3.

4. <u>Joint Pretrial Order</u>: The Pretrial Order shall be filed no later than **Monday, November 3, 2025**, thirty (30) days after the deadline for filing dispositive motions on Thursday, October 2, 2025 in accordance with LR 26-1(b)(5).[4] In the event dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision on the dispositive motions or further order of the Court.

5. <u>Fed. R. Civ. P. 26(a)(3) Disclosures</u>: The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the final Pretrial Order.

6. <u>Extensions or Modifications of Discovery Plan and Scheduling Order</u>: In accordance with LR 26-4, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made within twenty-one (21) days of the subject deadline will be supported by a showing of good cause.

///

///

///

//

///

---

[4] Thirty (30) days from October 2, 2025 is Saturday, November 1, 2025. Therefore, the deadline for the Pretrial Order is the following business day, Monday, November 3, 2025.

Any stipulation or motion will comply fully with LR 26-4.

Dated: March 28, 2025

HATFIELD AND ASSOCIATES, LTD.

*/s/ Trevor J. Hatfield*
Trevor J. Hatfield, Esq.

*Attorneys for Plaintiff*
RICK ALLEN

Dated:  March 28, 2025

LITTLER MENDELSON. P.C.

*/s/ Michael D. Dissinger*
Patrick H. Hicks, Esq.
Michael D. Dissinger, Esq.
Karen Kao, Esq.

CLARK COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL
Crystal J. Pugh, Esq.
Betty J. Foley, Esq.

*Attorney for Defendants*
CLARK COUNTY SCHOOL DISTRICT, MARILYN DELMONT, AND DAVID ROSARIO

**IT IS SO ORDERED.**

DATED:  4-1-25

_____
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON P.C.
3960 HOWARD HUGHES PARKWAY
SUITE 300
LAS VEGAS, NV  89169.5937
702.862.8800

6

4934-3357-5983.1 / 026133.1032