Patrick H. Hicks, Esq.
Nevada Bar No. 4632
Michael D. Dissinger, Esq.
Nevada Bar No. 15208
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113
Telephone:     702.862.8800
Fax No.:        702.862.8811
phicks@littler.com
mdissinger@littler.com

CLARK COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL
Crystal J. Pugh, Esq.
Nevada Bar No. 12396
Betty J. Foley, Esq.
Nevada Bar No. 6333
5100 West Sahara Avenue
Las Vegas, Nevada 89146
Telephone: (702) 799-5373
Facsimile: (702) 799-7243
herrec4@nv.ccsd.net
foleybj@nv.ccsd.net

Attorneys for Defendants
CLARK COUNTY SCHOOL DISTRICT, MARILYN
DELMONT, AND DAVID ROSARIO

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICK ALLEN, an individual; <br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, a Political Subdivision of the State of Nevada; MARILYN DELMONT, an Individual; DAVID ROSARIO, an Individual,<br><br>Defendants. | Case No. 2:24-cv-00741-GMN-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(Fifth Request)** |

**COME NOW,** Plaintiff, RICK ALLEN ("Plaintiff"), by and through his counsel, Trevor J. Hatfield, Esq., of Hatfield & Associates, Ltd., and Defendants, CLARK COUNTY SCHOOL DISTRICT ("CCSD"), MARILYN DELMONT ("Ms. Delmont") and DAVID ROSARIO ("Mr.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

1  Rosario") (collectively "Defendants"), by and through their counsel of record, Littler Mendelson,
2  P.C., and the Clark County School District Office of the General Counsel, and pursuant to Fed. R.
3  Civ. P. 26(f)(3) and LR 26-1, and hereby file this Stipulation to Extend Discovery Deadlines. The
4  Parties respectfully stipulate and request that the deadlines set forth in the Amended Stipulation
5  and Order to Extend Discovery Deadlines (Fourth Request) (ECF No. 41) be extended by <u>seventy-
6  five (75) days</u>.

7        This request is submitted pursuant to LR IA 6-1, LR IA 6-2, and LR 26-3 for the reasons
8  provided below. This is the Parties' fifth request for an extension of discovery and dispositive
9  motion deadlines. The instant Stipulation is submitted for the purpose of allowing sufficient time
10 to complete discovery and negotiations for potential resolution, is not submitted for the purpose of
11 undue delay, and is supported by the good cause shown herein. This stipulation is submitted more
12 than twenty-one (21) days before close of discovery (November 3, 2025).[1] The Parties agree neither
13 Plaintiff nor Defendants will be prejudiced by the requested extension and that the extension is
14 warranted in light of the volume and scope of discovery to be completed.

15 **STIPULATION**

16 **I.    DISCOVERY COMPLETED**

17       The Parties have made their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

18       Defendants served written discovery in the form of First Set of Interrogatories and First Set
19 of Requests for Production of Documents, which Plaintiff responded to October 23, 2024, and
20 November 15, 2024, respectively. Defendants' first set of written discovery included twenty-four
21 (24) Interrogatories and one hundred twenty-one (121) Requests for Production of Documents.
22 Defendants subsequently served a Second Set of Requests for Production of Documents on July
23 21, 2025, to which Plaintiff responded on September 10, 2025.

24       On July 24, 2025, Plaintiff served three separate First Set of Interrogatories, one on each
25 named Defendant. Defendants responded on September 15, 2025. On September 16, 2025, Plaintiff
26 served three separate First Set of Requests for Admission, one on each named Defendant. The First
27 Set of Requests for Admission served upon CCSD contains 248 Requests. The First Set of Requests

---

[1] The Parties do not request extension of the rebuttal expert disclosure deadline.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

2

for Admission served upon Mr. Rosario contains 248 Requests. The First Set of Requests for Admission served upon Dr. Delmont contains 240 Requests. On October 2, 2025, Plaintiff served three separate First Set of Requests for Production of Documents, one on each named Defendant. The First Set of Requests for Production of Documents served upon CCSD contains 151 Requests. The First Set of Requests for Production of Documents served upon Mr. Rosario contains 38 Requests. The First Set of Requests for Production of Documents served upon Dr. Delmont contains 45 Requests.

Each party has produced hundreds of documents. Defendants have served a First and Second Supplement to their Initial Disclosures of Witnesses and Documents. Plaintiff has served a First, Second and Third Supplement to his Initial Disclosures of Witnesses and Documents.

Defendants have obtained records from relevant third-party entities.

On July 7, 2025, Plaintiff served his initial expert disclosures. Plaintiff disclosed two experts: Stan V. Smith, Ph.D. ("Mr. Smith"), and Ira Victor ("Mr. Victor"). Mr. Smith opines on Plaintiff's alleged damages. Mr. Victor opines on certain of CCSD's policies and procedures. These initial expert report materials contain more than one hundred (100) pages of information. On October 6, 2025, Defendants disclosed a rebuttal expert: Kevin Kirkendall, MBA, CPA, CFE ("Mr. Kirkendall"). Mr. Kirkendall opines upon Plaintiff's alleged damages and Mr. Smith's report.

On August 21, 2025, Defendants took Plaintiff's deposition.

**II.   DISCOVERY THAT REMAINS TO BE COMPLETED**

The Parties are currently in the process of meeting and conferring about Plaintiff's responses to the Second Set of Requests for Production, specifically with respect to the scope of release authorizations to obtain additional records from third-party entities. The Parties continue to work together to resolve the dispute without court intervention. Defendants expect to obtain additional records from third-party subpoena practice.

As previewed above, Defendants are also in the process of preparing and serving responses to six (6) sets of written discovery: three sets of Requests for Admission served on each named Defendant and three sets of Requests for Production of Documents served on each named Defendant. The Parties anticipate responses will be served to the outstanding Requests for

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

Admission in late October 2025 and outstanding Requests for Production of Documents by early to mid-November 2025.

Moreover, several depositions have been noticed, and the Parties are working together to schedule the same for mutually agreeable dates. Specifically, Plaintiff has noticed depositions of both named individual Defendants, Dr. Delmont and Mr. Rosario, as well as four (4) separate depositions of fact witnesses. Based on the availability of deponents and counsel, the Parties expect that these depositions will be scheduled for early to mid-November 2025.

Once the above-referenced depositions are completed, the Parties anticipate additional depositions of disclosed expert witnesses, *i.e.,* Mr. Smith, Mr. Victor and Mr. Kirkendall. Plaintiff also intends to take the deposition of Defendant CCSD's Person Most Knowledgeable after the above-referenced depositions have been completed.

### III. WHY DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMIT SET BY THE DISCOVERY ORDER AND REASONS FOR EXTENSION

The Parties are working diligently to complete outstanding discovery but require additional time to fairly and adequately complete the same. In that regard, there are hundreds of factual allegations, and several causes of action,[2] at issue in this case which have required, and continue to require, substantial investigation.

Due to the fact intensive nature of the case, additional time is required to complete outstanding written discovery, resolve the Parties' dispute about the scope of third-party subpoena practice, and schedule necessary depositions of the three (3) named Defendants (*i.e.,* Dr. Delmont, Mr. Rosario and the Person Most Knowledgeable for CCSD) as well as fact witnesses with knowledge regarding the underlying factual allegations. Additionally, several expert witnesses have been disclosed by both Plaintiff and Defendants (including, most recently, on October 6, 2025) and additional time is required to schedule, prepare for and conduct depositions of these expert witnesses so that the Parties can each fairly and fully evaluate the opinions of said expert witnesses.

---

[2] As noted previously, certain of Plaintiff's causes of action are subject to Defendants' pending motion to dismiss (ECF No. 29). Adjudication of the pending motion to dismiss may narrow the issues at stake in this case but until the Court adjudicates the same the Parties continue to conduct discovery on all causes of action contained within the Second Amended Complaint.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

4

Each of the above-referenced depositions are necessary to permit the Parties to fairly and fully evaluate the claims and defenses at issue in this case. While the Parties have worked together to schedule and proceed with the above-referenced depositions, the timing of these depositions has been guided by outstanding written discovery and third-party subpoena practice, as well as the availability of witnesses and counsel.

Finally, the Parties have recently engaged in renewed discussions regarding potential resolution and require additional time to continue those discussions to determine whether the matter may be resolved at the current stage to avoid unnecessary expenditure of the Parties', and the Court's, resources. The Parties seek additional time to fully explore potential resolution prior to completion of discovery and future motion practice, and the fees and costs associated therewith.

The Parties agree that neither Plaintiff nor Defendants will be prejudiced by the instant Stipulation and that the instant Stipulation is submitted in the interest of full and fair adjudication of Plaintiff's claims and Defendants' defenses. Ultimately, the Parties agree that there is good cause to grant the instant Stipulation due to the Parties' ongoing efforts to complete the substantial fact and expert discovery required to fairly adjudicate this matter, coupled with the Parties' renewed discussions regarding resolution.

**IV.     PROPOSED SCHEDULE FOR REMAINING DISCOVERY**

1. <u>Discovery Cut-Off</u>: The current discovery cut-off is Monday, November 3, 2025. The new cut-off shall be **Monday, January 19, 2026.**[3]

2. <u>Expert Disclosures</u>: The initial expert disclosure deadline was Monday, July 7, 2025. The Parties do not request an extension to this deadline. The rebuttal expert disclosure deadline was Monday, October 6, 2025. The Parties do not request an extension to this deadline. The Parties shall have until the discovery cut-off date to take the deposition of experts. Expert discovery will be conducted in accordance with applicable Federal Rules of Civil Procedure and Local Rules of this District Court, specifically, Fed. R. Civ. P. 26(a)(2) and 26(b)(4), and Local Rule 26-1(b)(3).

---

[3] Seventy-five (75) days is Saturday, January 17, 2026. Therefore, the deadline is the following Monday.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

5

3. <u>Dispositive Motions</u>: Dispositive motions shall be filed by **Wednesday, February 18, 2026**, which is thirty (30) days after the new discovery deadline of January 19, 2026, in accordance with LR 26-3.

4. <u>Joint Pretrial Order</u>: The Pretrial Order shall be filed no later than **Friday March 20, 2026**, thirty (30) days after the deadline for filing dispositive motions on Wednesday, February 18, 2026, in accordance with LR 26-1(b)(5). In the event that dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision on the dispositive motions or further order of the Court.

5. <u>Fed. R. Civ. P. 26(a)(3) Disclosures</u>: The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the final Pretrial Order.

6. <u>Extensions or Modifications of Discovery Plan and Scheduling Order</u>: In accordance with LR 26-4, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made within twenty-one (21) days of the subject deadline will be supported by a showing of good cause.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Any stipulation or motion will comply fully with LR 26-4.

Dated: October 8, 2025

HATFIELD AND ASSOCIATES LTD.

/s/ Trevor J. Hatfield
Trevor J. Hatfield, Esq.

*Attorneys for Plaintiff*
RICK ALLEN

Dated: October 8, 2025

LITTLER MENDELSON. P.C.

/s/ Michael D. Dissinger
Patrick H. Hicks, Esq.
Michael D. Dissinger, Esq.

CLARK COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL
Crystal J. Pugh, Esq.
Betty J. Foley, Esq.

*Attorney for Defendants*
CLARK COUNTY SCHOOL DISTRICT, MARILYN DELMONT, AND DAVID ROSARIO

**IT IS SO ORDERED.**

DATED: 10-14-25

_____
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

7

4898-3996-7344