TREVOR J. HATFIELD, ESQ
Nevada Bar No. 7373
HATFIELD & ASSOCIATES, LTD.
703 S. Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 388-4469
Facsimile: (702) 386-9825
Email: *thatfield@hatfieldlawassociates.com*
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICK ALLEN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, a Political Subdivision of the State of Nevada; MARILYN DELMONT, an Individual; DAVID ROSARIO, an Individual,<br><br>Defendants. | CASE NO:  2:24-cv-00741-GMN-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br>**(Tenth Request)** |

COMES NOW, Plaintiff RICK ALLEN (hereinafter "Plaintiff"), by and through his counsel, Trevor J. Hatfield, of Hatfield & Associates, Ltd., and Defendants CLARK COUNTY SCHOOL DISTRICT, MARILYN DELMONT, and DAVID ROSARIO (hereinafter Defendants"), by and through their counsel, Taylor A. Buono, Esq., LITTLER MENDELSON, P.C. and Patrick Hicks Esq., and do hereby stipulate and request that all deadlines set forth in the Stipulation and Order to Extend Discovery Deadlines (Tenth Request) (ECF No. 55) pursuant to FRCP 26(f)(3) and LR II, 26-1 be extended by sixty (60) days.  The current discovery cut-off date is July 20, 2026.  This request is submitted pursuant to LR IA 6-1, LR IA 6-2, and LR II 26-4 for the reasons provided below.  This is the Parties' tenth request for an extension of discovery and dispositive motion deadline.

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

1. **DISCOVERY COMPLETED TO DATE**

A.      The parties have made their initial disclosures pursuant to FRCP 26(a)(1);

B.      Defendants served written discovery in the form of First Set of Interrogatories and First Set of Requests for Production of Documents, which Plaintiff responded to October 23, 2024, and November 14, 2024, respectively.  Defendants' first set of written discovery included twenty-four (24) Interrogatories and one hundred twenty-one (121) Requests for Production of Documents.  Defendants subsequently served a Second Set of Requests for Production of Documents on July 21, 2025, to which Plaintiff responded on September 10, 2025.

C.      On July 24, 2025, Plaintiff served three separate First Set of Interrogatories, one on each named Defendant.  Defendants responded on September 15, 2025.  On September 16, 2025, Plaintiff served three separate First Set of Requests for Admission, one on each named Defendant. The First Set of Requests for Admission served upon CCSD contains 248 Requests. The First Set of Requests for Admission served upon Mr. Rosario contains 248 Requests.  The First Set of Requests for Admission served upon Dr. Delmont contains 240 Requests.

D.      On October 2, 2025, Plaintiff served three separate First Set of Requests for Production of Documents, one on each named Defendant.  The First Set of Requests for Production of Documents served upon CCSD contains 151 Requests. The First Set of Requests for Production of Documents served upon Mr. Rosario contains 38 Requests.  The First Set of Requests for Production of Documents served upon Dr. Delmont contains 45 Requests.

E.      Defendants responded to Plaintiff's First Set of Requests for Admissions to CCSD and Mr. Rosario on December 5, 2025.  Defendants responded to Plaintiff's First Set of Request for Admissions to Dr. Delmont on December 10, 2025.

F.      Defendants responded to Plaintiff's First Set of Requests for Production of Documents to CCSD, Mr. Rosario, and Dr. Delmont on December 5, 2025.  On the same day

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

Defendants provided their Third Supplement to Initial Disclosures of Witnesses and Documents, containing approximately 3,000 pages of responsive documents.

G.     Each party has disclosed considerable amounts of documents.  Defendants have served a First, Second, Third and Fourth Supplement to their Initial Disclosures of Witnesses and Documents. Plaintiff has served a First, Second, Third, and Fourth Supplement to his Initial Disclosures of Witnesses and Documents. Defendants have served approximately 3,751 pages of documents. Plaintiff has served approximately 264 pages of documents.

H.     Plaintiff served his Second Set of Requests for Production of Documents upon Defendant CCSD on December 16, 2025.

I.     Defendants have obtained records from relevant third-party entities.

J.     On July 7, 2025, Plaintiff served his Initial Expert Disclosures.  Plaintiff disclosed two experts: Stan V. Smith, Ph.D. ("Mr. Smith"), and Ira Victor ("Mr. Victor").  Mr. Smith opines on Plaintiff's alleged damages.  Mr. Victor opines on certain of CCSD's policies and procedures.  These initial expert report materials contain more than one hundred (100) pages of information.

K.     On October 6, 2025, Defendants disclosed a rebuttal expert: Kevin Kirkendall, MBA, CPA, CFE ("Mr. Kirkendall").  Mr. Kirkendall opines upon Plaintiff's alleged damages and Mr. Smith's report.

L.     On August 21, 2025, Defendants took Plaintiff's deposition.

M.     On January 11, 2026, Defendants deposed Plaintiff's expert witness Ira Victor.

N.     Defendants served their Responses to Plaintiff's Second Set of Requests for Production of Documents on January 26, 2026. Defendants also contemporaneously served their Fourth Supplement to Initial Disclosures.

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

O.    Defendants served their Third Request for Production of Documents on Plaintiff on February 4, 2026. Plaintiff served his responses on April 10, 2026.

P.    Defendants deposed Plaintiff's expert Stan Smith on March 9, 2026.

Q.    Plaintiff took Defendant David Rosario's deposition on April 17, 2026.

R.    On May 6, 2026, Plaintiff issued a deposition notice of CCSD's Rule 30(b)(6) witness. On May 28, 2026, CCSD send a meet and confer letter to opposing counsel regarding the proposed Rule 30(b)(6) topics. Plaintiff has not yet provided revised proposed topics but intends to do so.

2.    **DISCOVERY YET TO BE COMPLETED**

S.    Plaintiff intends to take the deposition of CCSD's Rule 30(b)(6) representative(s), Defendant Delmont, as well as seven (7) non-party fact witnesses.

T.  Plaintiff is compiling additional documents to supplement.

U.    Plaintiff is reviewing the responses to written Discovery provided by Defendants. The parties met and conferred on May 29, 2026.

V.    Defendant Rosario's deposition proceeded on April 17, 2026. Defendant Delmont's deposition was scheduled for April 20, 2026, but had to be continued due to unforeseen scheduling conflicts. The Parties are working to reschedule Defendant Delmont's deposition for a mutually agreeable date. Due to scheduling issues of both counsels, this likely cannot proceed until mid-July 2026.

W.    Plaintiff intends to take the Rule 30(b)(6) deposition of CCSD's designated representative. On May 6, 2026, Plaintiff issued a deposition notice, which included proposed Rule 30(b)(6) topics. On May 28, 2026, Defendant sent Plaintiff a 17-page meet and confer letter regarding the topics. Plaintiff is working on revising the proposed topics. The Parties may need to engage in additional meet and confer efforts following Plaintiff's topic revisions. Defendant is

- 4 -

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

unable to identify an appropriate designee until the proposed topics are finalized. The Parties will endeavor to continue to work together to meet and confer on these matters in good faith and to avoid court intervention.

X.      The Parties are working together to find mutually agreeable dates for the above referenced depositions.

**3.      <u>WHY DISCOVERY WAS NOT COMPLETED WITHIN THE LIMITS SET BY THE DISCOVERY ORDER</u>**

The Parties are working diligently to complete outstanding discovery but require additional time to fairly and adequately complete the same. In that regard, there are hundreds of factual allegations, and several causes of action at issue in this case which have required and continue to require substantial investigation by all Parties. The Parties recognize the Court's approval of prior discovery extensions but emphasize that the Parties are continuing to work together to facilitate discovery in an orderly and mutually agreeable fashion, including to address discovery issues and scheduling availability, in the interest of enhancing judicial efficiency and minimizing intrusion upon this Court's docket.

Parties engaged in a Meet and Confer on May 29, 2026. The result of this Meet and Confer is that Parties were unable to resolve their disputes. Plaintiff is preparing a Stipulation Regarding Discovery Dispute pursuant to this Court's standing orders. This will be sent to Defendant as soon as it is prepared, and then submitted to this Court. Additional time will likely be necessary pending the outcome of the discovery dispute.

On May 28, 2026, Defendant sent correspondence to Plaintiff contesting Plaintiff's proposed Rule 30(b)(6) Deposition topics. Plaintiff is amending said topics and will be serving a new Rule 30(b)(6) Deposition Notice to Defendant. As a result, parties are currently unable to appropriately schedule the Rule 30(b)(6) Deposition. Plaintiff intends to serve the Amended

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

Deposition Notice to Defendant as soon as possible. More time will be needed to allow Defendant time to review the amended notice and appropriately coordinate relevant witnesses, and for Plaintiff to then conduct the Rule 30(b)(6) deposition.

Parties continue to coordinate diligently to find mutually agreeable dates for the outstanding depositions. Due to Parties schedules, there is currently no mutually acceptable date between now and the end of the current discovery period to conduct Defendant Delmont's deposition. There are still many depositions outstanding, including Defendant Delmont, multiple fact witnesses, and Defendant CCSD's designated Rule 30(b)(6) representative.. Due to the respective availabilities and complications of coordinating the depositions, including coordination of availability with multiple non-party witnesses, the Parties will not be able to complete this necessary deposition discovery by the current close of discovery and therefore request the instant extension to permit sufficient time to conduct these outstanding depositions. Additionally, Michael Dissinger, Esq. formerly worked on this case as counsel for Defendants. Mr. Dissinger has recently left defense counsel's firm. Ms. Buono entered her notice of appearance on May 26, 2026. Ms. Buono has worked to get up to speed on this case and to complete remaining discovery. Ms. Buono had pre-existing conflicts on her calendar, rendering the scheduling of Plaintiff's remaining requested depositions within the remaining discovery period challenging. The Parties agree that the additional time is necessary for these depositions as both the additional fact witnesses, and expert witnesses, possess information that is relevant to both Plaintiff's claims and Defendants' defenses.

The Parties agree that neither Plaintiff nor Defendants will be prejudiced by the instant Stipulation and that the instant Stipulation is submitted in the interest of full and fair adjudication of Plaintiff's claims and Defendants' defenses. Ultimately, the Parties agree that there is good cause to grant the instant Stipulation due to the Parties' ongoing efforts to complete the

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

substantial fact and expert discovery required to fairly adjudicate this matter, which, again, involves multiple causes of action and hundreds of factual allegations.

Again, the Parties recognize the Court's approval of prior discovery extensions but emphasize that this matter involves myriad factual allegations, many witnesses that need to be deposed, and extensive written discovery, all of which the Parties have facilitated and continue to facilitate in a cooperative fashion as much as possible in order to minimize this Court's involvement and to conserve both the Court's and the Parties' resources. The Parties have run into unanticipated scheduling challenges in part due to the change in defense counsel. Therefore, the Parties respectfully request the additional time for discovery requested herein to continue their ongoing efforts to mutually facilitate the fair and full discovery of the disputes at issue in this litigation in an orderly fashion.

### 4.     <u>PROPOSED SCHEDULE FOR COMPLETING DISCOVERY AND FILING DISPOSITIVE MOTIONS</u>

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court. On May 19, 2026, this Court Ordered that the that the last date to complete discovery would be July 20, 2026; that the last day to file dispositive motions would be August 19, 2026; and that the last day to file a pretrial order would be September 18, 2026. The parties propose to the Court the following cut-off dates:

A.     **Discovery Cut-off Date:** The discovery deadline shall be **<u>Friday, September 18, 2026,</u>** which is 45 days after the current discovery cut off..

B.     **Expert Disclosures:** The expert disclosure deadline was on Monday, July 7, 2025. The Parties do not request an extension to this deadline. The rebuttal expert disclosure deadline was Monday, October 6, 2025. The Parties do not request an extension to this deadline. The Parties shall have until the discovery cut-off date to take the deposition of experts. Expert

discovery will be conducted in accordance with applicable Federal Rules of Civil Procedure and Local Rules of this District Court, specifically, Fed. R. Civ. P. 26(a)(2) and 26(b)(4), and Local Rules 26-1(b)(3).

**C.** **Dispositive Motions:** Dispositive motions shall be filed by **Monday, October 19, 2026,** as October 18, 2026, is a Sunday, which is thirty (30) days after the discovery cut-off date of September 18, 2026, in accordance with LR 26-3.

**D.** **Joint Pretrial Order:** The Pretrial Order shall be filed no later than **Wednesday, November 18, 2026,** which is thirty (30) days after the deadline for filing dispositive motions date of October 18, 2026, in accordance with LR 26-1(b)(5).  In the event dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the Court.

**E.** **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the final pretrial order.

**F.** **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with LR 26-4, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline.  A request made within twenty-one (21) days of the subject deadline will be supported by a showing of good cause.  Any stipulation or motion

///

///

///

///

///

///

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

- 8 -

will comply fully with LR 26-4.

Dated: June 29, 2026

HATFIELD & ASSOCIATES, LTD.

/s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703 S. Eighth St.
Las Vegas, NV 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
thatfield@hatfieldlawassociates.com
*Attorneys for Plaintiff*

Dated: June 29, 2026

LITTLER MENDELSON, P.C.

/s/ *Taylor Buono*

Patrick H. Hicks, Esq. (SBN 4632)
Taylor A. Buono, Esq. (SBN 15513)
8474 Rozita Lee Avenue, Suite 200
Las Vegas, NV 89113
(702) 862-8800 Tel.
(702) 862-8811 Fax
phicks@littler.com
tbuono@littler.com
*Attorneys for Defendants*

**IT IS SO ORDERED:**

Dated 7-2-26.

_____
UNITED STATES MAGISTRATE JUDGE

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

- 9 -