**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Rick Allen,<br>Plaintiff(s),<br>vs.<br>Clark County School District, et al.,<br>Defendant(s). | 2:24-cv-00741-GMN-MDC<br>**ORDER** |

This is an employment discrimination case. The parties filed two Stipulations Regarding Discovery Dispute pursuant to the Court's Standing Order. *ECF Nos. 63 and 64*. The Court has reviewed the stipulations. The Court **GRANTS AND DENIES** the stipulations in part and **ADOPTS** plaintiff's compromise proposals in both stipulations. Given that discovery closed in the intervening period, the Court adjusts the sixty-day extension request (ECF No. 63) to run from the date of this Order.

## I. DISCOVERY STIPULATION (ECF NO. 63)

The first stipulation concerns whether to extend discovery for sixty days to complete two depositions, resolve written-discovery disputes, review supplemental production, and permit limited follow-up resulting from supplementation. *ECF No. 63* at 2. The defendants characterize the request as an attempt to reopen discovery, but the parties filed the stipulation before discovery closed. *Id.* at 9. The defendants, however, agree that the two depositions may proceed after the cutoff and additionally request that the dispositive-motion deadline be extended by sixty days. *Id.* at 9-10.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Federal Rule of Civil Procedure 6(b)(1)(A) provides that the court may, for good cause, extend

a deadline if the party requests the extension before the original deadline expires. Under LR 26-3 a request made within 21 days of the subject deadline must be supported by a showing of good cause.

While this is a close call, the Court has weighed both parties' compromise positions and finds that the plaintiff has shown good cause for an extension. The Court also finds that plaintiff's compromise position is more reasonable. While plaintiff could have been more diligent, the restrictions around defendant Delmont's deposition are very restrictive, time consuming, and impose challenges for plaintiff's counsel. Given the extensive restrictions imposed by Delmont, the Court finds it difficult to accept defendants' argument that they are prejudiced by a sixty-day extension. No further extensions will be granted, however, absent extraordinary circumstances.

## II. DISCOVERY STIPULATION (ECF NO. 64)

Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion. The defendants refused to participate. *ECF No. 64* at 8 ("Defendant declined to provide input."). The defendants also did not file an opposition to the stipulation and the time to do so has passed. The Court thus finds that the defendants consented to granting the plaintiff's compromise position.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The parties' *Stipulations Regarding Discovery Dispute* (ECF Nos. 63 and 64) is **GRANTED AND DENIED IN PART**.
2. The Court **ADOPTS** the plaintiff's compromise proposals (ECF Nos. 63 at 9 and 64 at 7) in full, except that the Court adjusts the sixty-day extension request (ECF No. 63) to run from the date of this Order as follows:

a. The discovery cutoff is extended to **December 28, 2026.**

b. Plaintiff has until **November 6, 2026** to serve the revised Rule 30(b)(6) topics.

c. The dispositive-motion deadline is extended to **January 27, 2027.**

d. The joint-pretrial order deadline is extended to **February 26, 2027**. If dispositive motions are filed, the joint pretrial order shall be suspended until thirty days after the decision on those motions or further order of the Court.

3. The parties must otherwise fully comply with the discovery obligations outlined in plaintiff's compromise proposals in ECF Nos. 63 and 64.

DATED: October 29, 2026

IT IS SO ORDERED.

______________________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge